UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRED NEKOUEE, individually, :
　:
　　　　　Plaintiff, :
　:
vs. : Case No. 4:18-cv-1713
　:
WESTPORT CRAIG LLC, :
a Missouri limited liability company :
　:
　　　　　Defendant. :
_____/

# COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WESTPORT CRAIG LLC, a Missouri limited liability company (sometimes referred to as "Defendant"), for declaratory and injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.　　Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.　　Defendant's property, Days Inn & Suites, has an address of 1970 Craig Road, St. Louis, Missouri 63146, and is located in St. Louis County.

3.　　Venue is proper in the Eastern District of Missouri because the situs of the property lies in this judicial district.　The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Days Inn & Suites located at 1970 Craig Road, St. Louis, Missouri 63146 ("Days Inn").

6. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

7. Mr. Nekouee travels to the St. Louis metropolitan area every three to six months to visit heavy equipment dealerships, where he assists his brother to compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.

8. Plaintiff Fred Nekouee has visited the St. Louis metropolitan area near the Days Inn in June 2015; June 2016; September 2017; December 2017; March 2018; July 2018; and September 2018.

9. Fred Nekouee has visited, bought goods, and sought to avail himself of the services at the Days Inn which forms the basis of this lawsuit on September 25 and 26, 2018, and on   March 27, 2018, and he plans to return to the property to avail himself of the goods and services offered to the public at the property since it is close to the heavy equipment dealerships he visits in the St. Louis metropolitan area.  He has definite plans to return to the St. Louis metropolitan area in December 2018.

10. The Plaintiff, Mr. Nekouee, likes to stay at moderately-priced hotels like the Days Inn near the heavy equipment dealerships he visits.

11. For the reasons set forth in paragraphs 7 through 10 and 20 of this Complaint, Mr. Nekouee plans to return to the Days Inn.

12. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability to access the property due to excessively steep slopes in parking spaces for the disabled, in access aisles and of walking surfaces, and have impaired his use of the restrooms in the Days Inn.

13. The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

14. The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

15. Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

16. On his visit to the Days Inn, the Plaintiff encountered excessively steep running slopes and cross slopes in its parking lot, access aisles and walking surfaces (sidewalks).

17. The Plaintiff encountered barriers to access the men's restroom in the lobby of the Days Inn; and so, he also tried to use the women's restroom in the lobby, in which women's restroom he also encountered barriers to access.

18. The Plaintiff is deterred from visiting the Days Inn, even though the Days Inn is close to the heavy equipment dealerships he visits in the area, because of the difficulties he will

3

experience in the restrooms, lobby, accessible room #109, fitness area, pool, parking lot, access aisles and walking surfaces (sidewalks) until the property is made accessible to him in a wheelchair.

19. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 22 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

20. Fred Nekouee desires to visit the Days Inn not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

21. The Defendant has discriminated against the individual Plaintiff Fred Nekouee by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

22. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the Days Inn have shown that violations exist. The violations that Fred Nekouee personally encountered or observed on his visit to the Days Inn include, but are not limited to:

**PARKING AREA**

a. In the parking lot, the parking space for disabled patrons in front of the Days Inn has an excessively steep running slope, as steep as 1:24.4 (4.1%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.  This steep slope made it very difficult for the Plaintiff to stay stable while exiting and entering his vehicle.

b. In the parking lot in front of the Days Inn, the van accessible parking space for disabled patrons has an excessively steep running slope, as steep as 1:21.7 (4.6%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law ADAAG § 502.4.

c. In the parking lot in front of the Days Inn, the van accessible parking space for disabled patrons closest to the entrance has an excessively steep cross slope, as steep as 1:16.9 (5.9%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law ADAAG § 502.4.

d. In the parking lot in front of the Days Inn, the second van accessible parking space for disabled patrons has an excessively steep cross slope, as steep as 1:25.6 (3.9%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law ADAAG § 502.4.

e. In the parking lot near the back entrance of the Days Inn, the van accessible parking space for disabled patrons has an excessively steep cross slope, as steep as 1:31.3 (3.2%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

f. The change in elevation of the sidewalk serving the back accessible entrance door is 1 inch, which change in elevation is greater than the maximum allowed change in

elevation of 0.5 of an inch, in violation of Federal Law 2010 ADAAG §§ 502.4 and 303.3.

g. In the parking lot in front of the Days Inn, the running slope of the access aisle serving the disabled parking spaces is 1:21.7 (4.6%), which running slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4. The Plaintiff had great difficulty using this access aisle in his wheelchair, and he required assistance to enter the Days Inn.

h. In the parking lot, the running slope of the access aisle serving the disabled parking spaces near the back entrance of the Days Inn is 1:33.3 (3%), which running slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

i. In the parking lot near the front of the Days Inn, the running slope of the access aisle serving the disabled parking spaces is as steep as 1:21.3 (4.7%), which running slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.  The Plaintiff had great difficulty in his wheelchair using this access aisle, and he required assistance to enter the Days Inn.

j. As shown in the photographs below, handrails are not provided at the ramp in the back of the Days Inn where the slope of the walking surface is 8% over a ten-foot length, with a ramp run rise of 9.6 inches, which rise is greater than the maximum allowed rise of 6 inches without handrails, in violation of Federal Law 2010 ADAAG §§ 405.8 and 505. Plaintiff encountered this ramp in his wheelchair, and he required assistance to prevent him from losing control and spilling out of his wheelchair.

6





 k. The running slope of the walking surface to the back entrance of the Days Inn is as steep as 1:12.5 (8%), which running slope exceeds the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.

 l. The running slope of the walking surface in front of the Days Inn is as steep as 1:8.2 (12.2%), which running slope is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.  The Plaintiff encountered this steep

7

slope, and he required assistance to enter the Days Inn in his wheelchair.

m.  The cross slope of the walking surface near the front of the Days Inn is as steep as 1:29.4 (3.4%), which cross slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.  The Plaintiff encountered this steep slope in his wheelchair, and it made it very difficult for him to stay stable in his wheelchair.

n.  The cross slope of the walking surface near the curbing in front of the Days Inn, is as steep as 1:16.9 (5.9%), which cross slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.  The Plaintiff observed this condition.

o.  The slope of the accessibility curb ramp sides or the curb ramp flares in front of the Days Inn is 1:3 (33.1%), which slope is dangerously steeper than the allowed slope of 1:10 (10%), in violation of Federal Law 2010 ADAAG § 406.3.  The Plaintiff encountered this curb ramp, and it made difficult for him to maneuver and to avoid overturning his wheelchair.

p.  The transition from the walking surface of the parking lot to the cement or concrete pad in front of lobby of the Days Inn contains a change of level of 1.5 inches, which change in level is greater than the maximum allowed change in level of 0.5 of an inch, in violation of Federal Law 2010 ADAAG §§ 303.3 and 405.4.  The Plaintiff encountered this change of level in his wheelchair, and he required assistance to enter the Days Inn.

**INTERIOR LOBBY AREA AND COUNTER**

q.  The door force needed to open the door to the lobby is 12 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010

ADAAG § 404.2.9.  The Plaintiff required assistance in his wheelchair to open the door and to enter the Days Inn.

r.  The surface of the lobby counter is 49 inches above the finish floor, which height above the finish floor is higher than the maximum allowed counter height of 36 inches, in violation of Federal Law 2010 ADAAG § 904.4.1.  The Plaintiff could not access papers or view papers on top of the lobby counter.

s.  The card reader on the Coca Cola soda dispenser in the lobby is 63 inches above the finish floor, which height is higher than the maximum allowed height of 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.  From his wheelchair, the Plaintiff tried to use this soda machine but could not.

t.  The coin inlet on the snack machine in the lobby is 55 inches above the finish floor, which height is higher than the maximum allowed height of 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.  From his wheelchair, the Plaintiff tried to use this snack machine but could not.

**LOBBY MEN'S RESTROOM**

u.  In the lobby men's restroom, the toilet paper dispenser in the men's restroom is outside of the reach range of an individual in a wheelchair, which dispenser centerline is 10.5 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum, in violation of Federal Law 2010 ADAAG § 604.7.

v.  In the men's restroom in the lobby, the liquid soap dispenser is mounted at 52 inches above the finish floor and outside the reach range of an individual in a wheelchair of a maximum of 48 inches (1220 mm) above the finish floor, in violation of Federal Law

9

2010 ADAAG § 308.2.2.

w.  In the men's restroom in the lobby, the coat hook in the men's restroom is installed at 63 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 603.4. The Plaintiff could not reach this coat hook from his wheelchair.

x.  The accessible toilet compartment door pull in the men's restroom in the lobby is not provided on both sides of the door near the latch, in violation of Federal Law 2010 ADAAG § 604.8.1.2.   The Plaintiff, in his wheelchair, could not fully close this door.

y.  The urinal flush control in the men's restroom in the lobby is 50.5 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG §§ 605.4 and 309.   In his wheelchair, the Plaintiff had difficulty flushing the urinal.

**LOBBY WOMEN'S RESTROOM**

z.  The accessible toilet compartment door pull in the women's restroom in the lobby is not provided on both sides of the door near the latch, in violation of Federal Law 2010 ADAAG § 604.8.1.2.   The Plaintiff, in his wheelchair, could not fully close this door.

aa.  In the women's restroom in the lobby, the coat hook is installed at 63 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 603.4.   The Plaintiff could not reach this coat hook from his wheelchair.

**ACCESSIBLE GUESTROOM #109**

bb.  The knee clearance height under the desk/table in accessible guestroom #109 is

24.5 inches and less than the minimum depth of 27 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 306.3.3.  The Plaintiff could not use the desk/table in his wheelchair with a forward approach.

cc. The door lock in accessible guestroom #109 requires tight grasping, pinching, or twisting of the wrist, in violation of Federal Law 2010 ADAAG § 309.4.

dd. The curtain rod in accessible guestroom #109 is 59 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 308.2.  In his wheelchair, the Plaintiff could not close the curtains fully.

ee. The security door latch in accessible guestroom # 109 is installed at 57 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 404.2.7.  In his wheelchair, the Plaintiff could not reach and use this door latch.

ff. The bottom edge of the mirror's reflecting surface in accessible guestroom #109 is 44 inches above the finish floor, which height is higher than the maximum allowed height above the finish floor of 35 inches, in violation of Federal Law 2010 ADAAG § 603.3.

gg. The clear floor space of 30 inches by 48 inches for the air condition unit control in accessible guestroom #109 to allow a forward approach by a person using a wheelchair is not provided as the desk blocks the space and only leaves a clear width of 22 inches, in violation of Federal Law 2010 ADAAG § 305.3.

**ACCESSIBLE GUEST RESTROOM**

hh. The side wall grab bar in the restroom of the accessible guestroom #109 only extends 49 inches from the rear wall and does not extend the minimum of 54 inches (1370

mm) from the rear wall, in violation of Federal Law 2010 ADAAG § 604.5.1.

ii. The toilet paper dispenser in the restroom of accessible guestroom #109 is outside the reach range of an individual in a wheelchair, which dispenser centerline is zero inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

jj. In the restroom in accessible guestroom #109, the distance from the toilet centerline to the side wall is 21 inches and not between the minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm), in violation of Federal Law 2010 ADAAG § 604.2. The Plaintiff had difficulty reaching the grab bar and the toilet paper dispenser.

kk. In the restroom in accessible guestroom #109, the coat hook is installed at 54 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 603.4.

ll. In the restroom in the accessible guestroom #109, the hairdryer is installed at 59 inches above the finish floor, which height is higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 308.2. The Plaintiff could not reach this hairdryer from his wheelchair.

**POOL**

mm. In the pool area, the change in level between the gazebo and the walking surface is 1 inch, which change in level is greater than the maximum allowed change in level of 0.5 of an inch, in violation of Federal Law 2010 ADAAG §§ 303.3 and 303.4. The Plaintiff encountered this change of level and in his wheelchair and this condition prevented him from entering the gazebo.

nn. The openings between the concrete blocks of the walking surface in front of the

12

pool and patio door is 2 inches wide in places, which opening is wider than the maximum allowed width of 0.5 of an inch, in violation of Federal Law 2010 ADAAG § 302.3.

oo. The running slope of the walking surface around the pool and near the stairs is as steep as 1:9.3 (10.8%), which slope is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.

pp. The cross slope of the walking surface towards the gate to the pool is as steep as 1:19.6 (5.1%), which steep slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.

qq. The cross slope of the walking surface around the pool is as steep as 1:13.9 (7.2%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.

rr. The pool does not have the signage and international symbol of accessibility required by Federal Law 2010 ADAAG § 703.7.2.1.

ss. At least one accessible means of entry, a swimming pool lift or a sloped entry, is not provided for this swimming pool with less than 300 linear feet of swimming pool wall, in violation of Federal Law 2010 ADAAG §§ 242.2, 1009.2 and 1009.3. The Plaintiff is deterred from visiting the Days Inn since this pool does not have an accessible means of entry, which lack of a means of entry discriminates against the Plaintiff and other disabled individuals like him who require a wheelchair for mobility by denying them the same recreational benefit of swimming at the hotel as a person who is able bodied.

**FITNESS CENTER**

tt. In the fitness center, the clear floor or ground space between work-out machines

(the tread mill and cycling machine) is less than the required 30 inches, in violation of Federal Law 2010 ADAAG § 305.

uu. In the fitness center, the phone is installed 55 inches above the finish floor, which height is higher than the maximum allowed reach range of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 308.2.

vv. The sanitizing wipes container is mounted 60 inches above the finish floor, which height is higher than the maximum allowed reach range of 48 inches above the finish floor, in violation of Federal Law 2010 ADAAG § 308.2.

23. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

24. The discriminatory violations described in paragraph 22 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

26. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

28. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was

15

designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

30.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Days Inn and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such

steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (MO #37687)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*